BERNARD A. BOVE, ASSIGNEE

*vs.*

FRANK FEROCI AND MARIA FEROCI.

Cumberland County. Decided December 26, 1940. On exceptions by defendants to acceptance of report of referee, right of exceptions in matters of law having been reserved. Assumpsit on a promissory note dated May 2, 1932, signed by the defendants as

makers and payable to Dirigo Trustees, trustees for an unorganized association. The plaintiff sues as assignee.

One Siciliano, its treasurer and a shareholder in the association, was indebted to the defendants. A loan, evidenced by the note sued, was obtained from the association and the money so obtained was paid to them in discharge of their indebtedness against Siciliano.

In defense it was contended that following the assignment liability on this note was extinguished by a settlement between Siciliano and the plaintiff in pursuance of a vote to deduct from their "personal shares" as shareholders their liabilities to the association and that the assignee "should secure copies of each account against each shareholder."

With the assistance of an auditor, an unsigned written account between the association and Siciliano was made up, included in which, as a charge against Siciliano, was the amount due on this note. The plaintiff contended, however, that the account was not agreed upon and never became effective as a settlement.

Thus a single issue *of fact* was raised for decision by the referee. He found that no settlement was made. Facts found in reference under rule of court are final when supported by any evidence. *Benson* v. *Town of Newfield*, 136 Me., 23, 1 A., 2d, 227, and cases cited therein. The record reveals ample testimony to support the finding of fact by the referee.

It should be noted that the exception charging gross negligence and prejudice upon the part of the referee was withdrawn. Exceptions overruled. *Eugene F. Martin*, for plaintiff. *Milan J. Smith*, *Bartolo M. Siciliano*, for defendants.